(Decided July 15th, 1859.)

---

## JOSIAH PARRISH *vs.* THE STATE.

The judgments of inferior jurisdictions will not be reversed except for errors apparent, and will be sustained by every fair legal intendment in favor of their correctness.

If a party is brought before a circuit court of one county on *habeas corpus* to be discharged from illegal arrest, and it appears the imputed offence was committed in another county, he may be recognized to appear before the court having jurisdiction of the offence.

If a party is indicted in the circuit court for one county, and it appears at the trial that the crime was committed in another county, the indictment may be quashed for the purpose of having him indicted and tried in such other county, and the accused be recognized accordingly.

Where the judge of a circuit court has power to take a recognizance, it is no objection to it that it was taken in open court, accompanied by the forms and solemnities of a judicial tribunal.

A writ of *scire facias* on a forfeited recognizance recited, that E. acknowledged *himself* to stand justly indebted to the State in the sum of $700, and *J also* acknowledged *himself* to stand justly indebted to the State in the sum of $700, " which they and *each* of them acknowledge themselves, and *each of them, severally,* to owe and stand justly indebted the State in the sum of $700, which said sum they and *each* of them acknowledged shall be made and levied of their *respective* bodies," &c., in case E. should not

Parrish *vs.* The State.

appear, &c., and 'that " the said *E. and J*, although *severally* solemnly called," &c.   HELD, that this was a *several* and not a *joint* recognizance.

Where a recognizance by two or more is *several* and not *joint*, a *joint scire facias* against the recognizors cannot be sustained, and this objection is fatal on demurrer.

Where the judgment of the court below, brought up for review by appeal, is on *demurrer*, an agreement to *amend* the record, as to facts, made in the appellate court, cannot be noticed.

Such an agreement would make the appellate court try a case not passed upon by the judge below, and decide an *issue of law* upon facts other than those admitted by the pleadings.

APPEAL from the Circuit Court for Carroll County :

This was a *scire facias* upon a forfeited recognizance issued on the 18th of June, 1855, at the instance of the State's Attorney, out of the Circuit Court for Carroll county, against the appellant and Eli V. Parrish.   The writ is as follows :

" *Carroll County, set :   The State of Maryland to the sheriff of Carroll County, greeting :*—Whereas, at a Circuit Court for Frederick county, begun and held at the court-house in and for the county of Frederick, on the second Monday of February, in the year 1855, before the honorable Madison Nelson, judge of the third judicial circuit of the State of Maryland, a certain Eli V. Parrish, late of Frederick county, acknowledged himself to owe and stand justly indebted unto the State of Maryland in the sum of seven hundred dollars, current money ; and a certain Josiah Parrish, late of Carroll county, also acknowledged himself to owe and stand justly indebted unto the State aforesaid, in the sum of seven hundred dollars, current money, which they and each of them acknowledge themselves, and each of them severally, to owe and stand justly indebted to the State of Maryland, in the sum of seven hundred dollars, which said sum, they, and each of them, acknowledged, shall be made and levied of their respective bodies, goods and chattels, lands and tenements, to and for the use of the said State of Maryland, in case the said Eli V. Parrish shall not make his personal appearance at the Circuit court for Carroll county, to be held at the court house in Westminster, in and for the said county, on the first Monday

in April, then next, to answer a charge of burglary and felony charged against him, and shall depart the said court without leave thereof ; as it appears by a true transcript of the record and proceedings of the said Circuit court for Frederick county, with the seal of the said court thereto attached, now on file and of record in the office of clerk of the Circuit court for Carroll county remaining, manifestly appears. And whereas, afterwards, in the said Circuit court for Carroll county, to wit, on the first Monday in April, (being the second day of the said month,) in the year of our Lord eighteen hundred and fifty-five, the said Eli and Josiah, although severally solemnly called to make their appearance, according to the form of the recognizance aforesaid, come not, but make default of their appearance thereto. Whereupon it was considered by the said Circuit court for Carroll county, that the said recognizance be forfeited, as by the record and *process* thereof, likewise remaining in the said Circuit court for Carroll county, manifestly appears. And the said sum of seven hundred dollars, by the said Eli V., and by the said Josiah, severally acknowledged, as aforesaid, from them, the said Eli V. and Josiah still remains to be levied. You are therefore hereby commanded, that by good and lawful men of your bailiwick you give notice to the said Eli V. Parrish and Josiah Parrish that they be and appear before the said Circuit court for Carroll county, to be held at the court house in Westminster in the county aforesaid, on the first Monday of September next, to show cause, if any they have, or can say, why the said sum of money ought not to be levied of their bodies, goods and chattels, lands and tenements, to the use of the said State of Maryland, according to the force, form and effect of the recognizance aforesaid, and have you then and there the names of those by whom you shall make the same known unto them, and also this writ.''

The return was, '' made known to Josiah Parrish and *nihil* Eli.'' Josiah appeared and filed a general demurrer to the writ, which the court (NELSON, J.) overruled, and entered judgment of *fiat*, from which this appeal was taken.

After the record came to this court, an agreement was entered into by the counsel for the State and the appellant, to

the effect that Eli Parrish was arrested for a crime committed in Carroll county, and that there was no indictment found against him in the Circuit court for Frederick county, and no removal of his case under the Constitution, from the Circuit court for Frederick county to that for Carroll county, except as shown by the record, and that the record shall be regarded as amended, so as to state this fact, and to incorporate therein this agreement.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Oliver Miller*, for the appellant, argued for a reversal :

1st. Because, if the offence for which Eli Parrish was arrested was committed in *Carroll county*, the Circuit court for *Frederick* had no authority to take the recognizance. Both the *scire facias* and the recognizance itself, show that the taking of it was part of the proceedings of the *Circuit court* for Frederick county. Whatever power Judge Nelson might have, acting as a conservator of the peace under sec. 6, Art. 4, of the Constitution, he could not, acting in the capacity of the Judge of the Circuit court for Frederick county, as he did in this case, take a recognizance for the appearance of a party to answer an offence committed in another county, returnable to the circuit court for such county. The Circuit court for Frederick county having, then, no authority to act, it is a clear principle of law that a recognizance taken by a court having no power to act in the particular case, is void. 11 *Mass.*, 337, *Commonwealth vs. Loveridge.* 7 *Mass.*, 280, *Vose vs. Deane.* 12 *Mass*, 419, *Dow vs. Prescott.* 16 *Mass.*, 198, *Commonwealth vs. Otis.*

2nd. Because, if the offence was committed in *Frederick county*, the Circuit court for that county had no authority to take a recognizance for the appearance of the party to the Circuit court for Carroll county, unless the case was *removed* to that county for trial under sec. 28, Art. 4, of the Constitution. Such a removal could not take place unless there was a presentment and an indictment, and these should have been

31      v. 14.

shown in the record, if, in fact, any such existed. But the whole record shows that this party was merely *arrested* and a preliminary examination had, and he was held to bail to appear at the Circuit court of the county where the offence was committed. Upon the supposition that the offence was committed in Frederick county, it seems to be very clear that the court for that county, upon such preliminary examination, had no authority to hold him to bail to appear before the court of another county, and that such a recognizance is void, because the latter court would have no jurisdiction to try the case. 7 *Blackf.*, 221, *State vs. Montgomery*. *Ibid.*, 206, *Paine vs. The State*. A recognizance is a matter of record, and cannot be aided by any parol averments. 14 *Verm.*, 64, *Treasurer vs. Merrill*. See, also, on this point, 10 *Md. Rep.*, 168, *Coleman vs. The State*.

3rd. This was a several recognizance, whereas the *scire facias* is *joint*, and if a recognizance, entered into by two or more persons, be *not joint* but *several*, a joint *scire facias* against the recognizors cannot be sustained, and the objection, when shown by the *scire facias*, may be taken advantage of by demurrer, or assigned for error. 1 *Barn. & Cress.*, 682, *Collins vs. Prosser*. 5 *Blackf.*, 80, *Hildreth vs. The State*. *Ibid.*, 343, *Wellman, et al., vs. The State*. *Ibid.*, 471, *Chandler vs. The State*. 7 *Blackf.*, 417, *Lockwood, et al., vs. The State*. 2 *Ev. Har.*, 295.

*C. W. Webster*, State's Attorney for Carroll county, for the State.

Eli V. Parrish had been arrested and lodged in the jail of Frederick county, for a burglary, charged to have been committed in Carroll county, and was brought before the Circuit court for Frederick county then in session, and then and there admitted to bail, the appellant being his surety for his appearance before the Circuit court for Carroll county, to answer this charge of burglary. At the ensuing term of the Circuit court for Carroll county, Eli failed to appear, and a presentment and indictment being found against him, his recognizance which had been returned and certified by the clerk of the Cir-

Parrish *vs.* The State.

cuit court for Frederick county to the Circuit court for Carroll county, and filed in the latter court, was forfeited, upon which forfeiture a *scire facias* was issued, and the judgment of the court, ordering an execution to issue for the recovery of the forfeiture, is now sought to be reversed, because the Circuit court for Frederick county had no authority to take the recognizance.

Burglary is a bailable offence, but is only bailable by a judge of the Circuit court. A justice of the peace has no authority to bail in cases where the offender is charged with burglary. Carroll and Frederick counties being embraced in the same judicial circuit, Judge Nelson, the judge of that circuit, was the only person within the bounds of the two counties who possessed the power and authority to admit Parrish to bail. In taking this recognizance the judge did nothing more than exercise his legitimate authority as judge of the circuit. But the objection is made further, that this recognizance was taken as part of the proceedings of the Circuit court for Frederick county. This does not change or alter the case in any respect. Judge Nelson, having the authority, on Parrish being brought before him, to order him to enter into a recognizance for his appearance at the Circuit court for Carroll county, to answer the charge of burglary, it matters not whether that authority was exercised in open court, then sitting in Frederick county, with the clerk and all the officers present to take note of what was then and there by the judge done, or whether it was done at chambers and by the judge alone. Being the judge of the circuit, and as such having jurisdiction over the entire territory, both where the offence had been committed and where the party had been arrested, he certainly possessed the constitutional power and authority, as conservator of the peace, to take the recognizance, and the clerk of the Circuit court for Frederick county, did nothing more than fill the duties of his office, in acting as amanuensis of the court, making a record of its doings, and transmitting that record to the Circuit court for Carroll county, where Parrish must be tried, and where he was subsequently indicted, the offence having, as above stated, been committed in Carroll county. Furthermore, can Parrish

now, or could he at any time thereafter, be allowed to take exception to the jurisdiction of a court or judge, whose aid he had before invoked to release his son from prison, and thereby acknowledged the power and authority so to do.

The second point of the appellant's counsel has no application to the case. The offence was committed in Carroll county, and there was no other removal of the case from Frederick to Carroll county, than the forwarding to the Circuit court for Carroll county the action of Frederick county court in taking the recognizance.

The Circuit court for Frederick county, or Judge Nelson as judge of that court, having then the authority to take the recognizance, and also to order his action in the premises to be certified to the Circuit court for Carroll county, where it remained after being so certified as part of the records of the Circuit court for Carroll county, it only remains, to sustain this judgment, to show, that the proceedings in relation to the matter in the Circuit court for Carroll county, have been regular and proper, and this must be shown from the record itself. It appears from the record that Parrish did not appear, and his recognizance became therefore forfeit. The writ of *scire facias* clearly and substantially sets out the recognizance, and recites all the points, that Parrish entered into recognizance in Frederick county for his appearance in Carroll county, failed to appear, and thereby became liable to the forfeiture. By reference to the record it will clearly appear, that the third point made by the counsel for the appellant is by no means tenable. The *scire facias* properly recites the recognizance. That the recognizance was several and the *sci. fa.* joint, cannot be a valid objection to the proceedings in this cause. First, because it does not appear from the record, neither is it the fact, that this exception was taken in the court below, and the appellee is now surprised by a point being raised of which no mention was made in the court below, and which might have been avoided by striking the name of Eli Parrish from the writ, and thus amending under the provisions of the Acts of Assembly regulating amendments. The proceedings in this case are only against Josiah Parrish; the judgment is against him only,

Parrish *vs.* The State.

Had the sheriff met with Eli he would have been arrested under the bench warrant then in the sheriff's hands, and all further proceedings on the forfeiture stayed. The two were recognized at the same time, and by the same action of the court were jointly recognized in several sums. The judgment of the court below works no injustice to the appellant, and if reversed for the cause in this point stated, a *procedendo* should be awarded. The proceeding by *sci. fa.*, on a forfeited recognizance, is not the only method by which the forfeiture can be recovered. By the Act of 1777, ch. 13, and also a later Act, a *fi. fa.* might have issued on the forfeiture without the intervention of a *sci. fa.* The entire proceeding is peculiar to our Maryland courts. There have been no decisions that I can find in our Court of Appeals, and it would be well for the powers and duties of the judges of our Circuit courts, in cases of this kind, which may frequently arise, to be clearly defined.

TUCK, J., delivered the opinion of this court.

If, under any state of things, the judge sitting for Frederick county had authority to recognize the party to appear at Carroll Circuit court, we must assume the existence of facts warranting the exercise of the jurisdiction, upon the principle " that the judgments of inferior jurisdictions will not be reversed except for errors apparent, and will be sustained by every fair legal intendment in favor of their correctness." *State, use of Beall vs. Harrison*, 9 *Gill & Johns*, 15. In that case, a sheriff's bond was taken to be valid, though executed after the 1st of January, because the orphans court had power to take and approve such bonds after that time, when tendered by the person returned to the executive as second on the poll, on the occurrence of a vacancy, and in the absence of an averment to the contrary, it was presumed that such a state of facts may have existed, authorizing the approval of the bond on which the suit was brought.

We suppose that there can be no doubt that if this party had been brought before the court on a *habeas corpus*, to be discharged from alleged illegal arrest, and it had appeared that

the imputed offence was committed in another county, he might have been recognized to appear before the court having jurisdiction of the offence. And, so, if indicted in Frederick county Circuit court, and it had appeared on the trial that the crime was committed in Carroll county, the indictment might have been quashed for the purpose of having him indicted and tried in the last named county, and the accused recognized accordingly. Hence, this record does not necessarily present a case of excess of jurisdiction on the part of the Circuit court of Frederick county, in taking the recognizance.

But conceding, which we do not, that the circuit court had not power to take the recognizance, that being a power to be exercised by the judge, can it make any difference that the recognizance was taken in open court? If the judge had left the bench and taken the recognizance, no objection could have been urged against it. Is the act void because accompanied by the forms and solemnities of a judicial tribunal? Surely not. It is the act of the judge having power of himself to perform it, and is not less efficacious because done in court. We are informed, however, that it has been exercised by the common law courts in session, and never before questioned, as far as we are aware.

We are of opinion that the judgment on demurrer was erroneous, for the third reason assigned in argument. According to the recitals in the *scire facias*, it appears to have been a several recognizance, and not a joint one. However some expressions of the writ may indicate a joint liability, it appears from the recitals as to the acknowledgment of indebtedness, the mode of levying the amount, the calling and forfeiture, and the averment of non-payment, that the parties undertook each for himself, and not for the other. These obligations are generally taken in the several form, so as not to bind the sureties for the liability of the party accused, and although this is not according to the phraseology to be found in the precedents used in this State, we think the intent of the party in binding himself, as well as the legal intent, will be observed by treating the recognizance as several. 2 *Ev. Har.*, 295. In *Collins vs. Prosser*, 3 *D. & R.*, 112, and same case in 1 *B & C.*,

682, where the words of a bond were, " for which payment we bind ourselves and each of us, for himself, for the whole and entire sum of one thousand pounds, each," it was held to be a several obligation. There appears to be little difference between the cases, and the same construction should be applied to both.

We have decided the case without reference to the agreement filed in this court, because the judgment was on demurrer; and if the agreement were accepted as the basis of our opinion, we should be trying a case not passed upon by the judge below, to say nothing of the anomaly of deciding an issue in law upon facts other than those admitted by the pleadings. *Coates & Glenn vs. Sangston.* 5 *Md. Rep.,* 121.

*Judgment reversed and procedendo.*

(Decided July 15th, 1859.)