( Decided Oct. 3rd, 1861.)

---

# Morris L. Hollowell & Co. *vs.* Samuel Miller.

Upon appeal from an order quashing an attachment issued by way of execution, which order stated that it was passed "upon hearing the arguments of counsel, and due consideration of the same, *and the evidence in the cause,*" the record did not contain the evidence upon which the court below acted. Held:

That in this state of the record, no error is disclosed upon which this court can reverse the order; the evidence upon which the court below acted, ought to be set out in the record, or in a bill of exceptions, or if it acted without proof, the record ought so to state.

A judgment coming up by appeal, is *prima facie* correct, and cannot be reversed by the appellate court, unless they are convinced it is erroneous, and in the absence of testimony to the contrary, this court must presume that the court below acted properly.

39     v.17

APPEAL from the Circuit Court for Cecil county.

This appeal was taken from an order of the court below (PRICE, J.) quashing an attachment issued by way of execution on a judgment obtained by the appellants against one Samuel H. Miller. The proceedings in the case are fully stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., TUCK, BARTOL and GOLDSBOROUGH, J.

*W. J. Jones*, for the appellants:

The record shows that the court below rendered a judgment quashing an attachment, without evidence. If there had been any evidence at all admissible in the case, to show that the judgments rendered by the justice were the property of the appellee, and not of Samuel H. Miller, such evidence must, from its nature, have appeared upon the record. These judgments could only have been assigned by entry on the docket, or some assignment in writing, and, in either event, this evidence must have appeared on the record; and the fact that the record shows no such evidence, is itself sufficient to require the judgment to be reversed.

The only evidence which the appellants needed, was the production of the judgments in favor of Samuel H. Miller, upon which the attachment was levied, and these are spread out in the record, and constitute the only evidence referred to in the court's order. The only evidence in the cause, as is clearly shown by the record, being that of the appellants, in the shape of transcripts from the docket of the justice, of the judgments attached, there was no necessity for a bill of exceptions to set out other evidence which did not exist. The appellee should have produced evidence of the assignment, but until he did so, these judgments could not be decided to be the property of any other than the legal plaintiff in them. And standing as they do, unreversed, and being rendered by a court of competent jurisdiction, and being judgments in favor of Samuel H. Miller, and no other person showing the slightest title to them, either legal or equitable, they are con-

clusive upon the question of property raised by the appellee's claim.

*Hiram McCullough,* for the appellee:

The court below had power to quash the attachment, and assuming that the case, upon its merits, was a proper one for the exercise of such power, there was no error. The order appealed from, was a judgment upon the facts in the case, the evidence of which does not appear in the record. The judgment of an inferior court is always presumed to be right, unless there is something in the record to show error. The record here does not show what point was decided by the court below, except its general judgment quashing the attachment. If the appellants intended to insist on the insufficiency of the evidence to support the claim of the appellee, they should have stated the evidence in a bill of exceptions, as they had a right to do. 7 *G. & J.,* 494, *Nesbitt vs. Dallam.* But having no bill of exceptions, there is nothing to show this court what questions were decided in the court below. Every intendment is to be made in support of a judgment of an inferior court. It appears from this order that there was evidence adduced, and it is to be presumed that it was sufficient to justify the order. 6 *Md. Rep.,* 359, *Alexander vs. Macauley.*

BARTOL, J., delivered the opinion of this court.

The appellants, on the 18th of October 1856, recovered a judgment in the circuit court for Cecil county, against one Samuel H. Miller, for $312.53, with interest and costs, and afterwards, on the 25th of January 1858, they issued an attachment, by way of execution thereon, which was returned by the sheriff, stating that he had "attached credits" in the hands of certain named persons, whom he had summoned as garnishees. As a part of his return, the sheriff filed copies of several judgments rendered by a justice of the peace in favor of the defendant, Samuel H. Miller, against the garnishees. At the return of the attachment, Samuel Miller, the appellee, appeared and claimed the credits so attached as be-

Hollowell & Co., *vs.* Miller.

longing to him, in virtue of an alleged assignment made to him before the attachment issued, and filed his claim in writing, verified by affidavit, and moved to quash the attachment.

In answer to this claim, the appellants filed three pleas, in substance denying that any assignment had been made, and alleging that if any such assignment had been made, it was without consideration, and in fraud of the rights of the creditors of Samuel H. Miller.

The circuit court, by its order dated the 27th of November 1858, quashed the attachment, and from that order this appeal was taken.

In the order it is stated, that the same was passed *"upon hearing the arguments of counsel,* and *due consideration of the same,* and *the evidence in the cause."*

The record does not contain the evidence upon which the circuit court acted, and, in the condition in which it comes before us, there is no error disclosed, upon which this court can be called on to reverse the judgment below. The evidence upon which that court acted, ought to be set out in the record, or in a bill of exceptions, in order that the appellate court may pass upon it; or if, as alleged by the appellant, the circuit court sustained the motion without any proof to support it, the record ought so to state.

"A judgment below, coming up by appeal, is *prima facie* correct, and cannot be reversed by the appellate court, unless they are convinced it is erroneous." 6 *Md. Rep.,* 375.

"In the absence of testimony to the contrary, we must intend that the court acted properly." 4 *Md. Rep.,* 278. 14 *Md. Rep.,* 120.

*Judgment affirmed.*

(Decided Oct. 4th, 1861.)