THE TRUSTEES OF THE METHODIST EPISCOPAL CHURCH
IN THE CITY AND PRECINCTS OF BALTIMORE *vs.*
CHARLES C. BROWNE.

*Practice in the Court of Appeals—Practice in a case tried before
the Circuit Court, without the aid of a Jury.*

An action for the obstruction of a right of way claimed by the plaintiff as
appurtenant to his land, was tried before the Court without the intervention
of a jury. The Court gave judgment for the plaintiff and the defendant
appealed. No bill of exceptions was sent up with the record, nor was there
anything in the transcript to show that any exception was taken in the Cir-
cuit Court to the rulings there made upon any matter of law, or any agree-
ment or statement of facts, from which the Court of Appeals could ascertain
the points or questions of law raised and decided in the Court below.
HELD:

That there was nothing upon which error could be assigned, no question pre-
sented for review by the Court, and the judgment was affirmed.

Where a case is tried before the Court, without the intervention of a jury,
exceptions may be taken to the rulings of the Court made in the progress of
the trial, and if duly taken the rulings may be reviewed in the Court of
Appeals, provided the questions are properly presented by a bill of excep-
tions; and when the finding is special, the review may also extend to the
determination of the question, whether the facts found are sufficient to sup-
port the judgment.

The opinion of the Court below, rendered in a case tried before it, without the
aid of a jury, is no part of the record, and without some bill of exceptions
or other aid, it is not a subject-matter for review in the Court of Appeals.

APPEAL from the Circuit Court for Baltimore County.

The case is sufficiently stated in the opinion of the
Court.

Trustees of the Methodist Epis. Church, &c. *vs.* Browne.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*Fred. T. Baker* and *John M. Carter*, for the appellant.

*Robert F. Brent* and *Michael A. Mullin*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This is an action instituted by the appellee for an obstruction of a right of way claimed by him, as appurtenant to his land. The case was tried before the Circuit Court, without the intervention of a jury, and the appeal is from its judgment rendered in favor of the plaintiff. No bill of exceptions has been sent up with the record; nor is there anything in the transcript to show that any exception was taken in the Circuit Court to the rulings there made upon any matter of law, or any agreement or statement of facts, from which this Court can ascertain the points or questions of law raised and decided in the Court below. There is nothing therefore upon which error can be assigned, no question presented for our review.

The transcript contains the opinion delivered by the Judges of the Circuit Court, setting forth the grounds and reasons for their judgment; and the appellants' counsel has asked us to accept the statement therein of what appeared in proof, as a sufficient finding of the facts by the Court below to raise the questions of law decided by them, and enable us to review their judgment thereon. But as was said by the Supreme Court in the *Ins. Co. vs. Tweed,* 7 *Wall.,* 51, " with no aid outside the record, we cannot do this." Such a practice was condemned by this Court in *Tinges vs. Moale,* 25 *Md.,* 486, where it was said in a case like this, of submission to the Court without

Trustees of the Methodist Epis. Church, &c. *vs.* Browne.

the aid of a jury, "more care or precision should be adopted in raising the questions of law for the decision of the Court below; that parties may not lose the benefit of appeal, *or this Court be left to gather them from the opinion of the Court below, or the* course of the trial there.". To do this, would often be impracticable as it certainly is in this case.

The opinion of the Court below, does not purport to state fully and with precision all the facts found in the case, and there is no agreement of counsel to that effect; such an agreement would have secured the benefit of appeal, as was done in *The Ins. Co. vs. Tweed* before cited. In *Norris vs. Jackson,* 9 *Wall.,* 125 ; *Flanders vs. Tweed,* 9 *Wall.,* 425 ; *Kearney vs. Case,* 12 *Wall.,* 275, and *Miller vs. Life Ins. Co.* 12 *Wall.,* 285, the Supreme Court lay down the rules necessary to be observed, in order to have the judgment of an inferior Court reviewed, where the trial below, upon both law and fact has been before the Court, without the intervention of a jury as prescribed by Act of Congress of March 3rd, 1865. The same rules may very well be applied under our practice to a case of this kind. In the case last cited, 12 *Wallace,* 295, the Court say, "Exceptions may be taken to the rulings of the Court made in the progress of the trial, and if duly taken, the rulings may be reviewed here, provided the questions are properly presented by a bill of exceptions; and when the finding is special, the review may also extend to the determination of the question whether the facts found are sufficient to support the judgment."

The appeals in cases of this kind which have come before this Court, are *Tinges vs. Moale,* 25 *Md.,* 480; *Thomas vs. Hunter,* 29 *Md.,* 406 ; *Williams vs. Higgins,* 30 *Md.,* 404 ; *and Hooper vs. Turnpike Co.* 34 *Md.,* 521. In all of them, the questions of law decided below were presented by bills of exceptions. No doubt, if the facts be specially found by the Court below, and properly

certified, its judgment thereon might be reviewed on appeal. The case would then stand as on special verdict or case stated. But this has not been done in this case, and so far as the judgment rests upon the facts deduced from the testimony offered in the Court below, there is no legal question before us to be reviewed.

So far as the judgment appears to have been based upon the construction of the Acts of Assembly of 1844, ch. 126, 1849, ch. 323, and 1852, ch. 278, no question appears to have been raised in the Court below, or any exception taken thereon. No question thereon is presented for our decision. The opinion of the Court is no part of the record, and without some bill of exceptions or other aid it is not a subject-matter for review.

If the case were properly before us, we could have no hesitation in saying that we agree with the Circuit Court in the construction they seem to have put upon the Acts of 1849 and 1852.

Those Acts in no manner affected the pre-existing right of way belonging to the appellee, and which had been before opened and used by him and those under whom he claimed title, and conferred no right upon the appellants to close or obstruct it.

*Judgment affirmed.*

(Decided 19th December, 1873.)