GIST T. COCKEY, Administrator of CATHARINE A. WEST vs. JOHN T. ENSOR.

*Practice in the Court of Appeals—Art. 5. sec. 12, of the Code.*

On an appeal from the overruling of a motion to quash an execution and set aside the judgment on which it was issued, it not appearing from the record that any reasons were assigned or grounds stated to the Court below in support of the motion, the appellate Court will not review the action of the inferior Court thereon.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ALVEY, J.

*John T. B. Dorsey,* for the appellant.

*J. T. Ensor,* for the appellee.

MILLER, J., delivered the opinion of the Court.

This appeal is from the overruling of a motion to quash an execution and set aside the judgment on which it was issued. The action was *assumpsit* for money loaned by the plaintiff to the defendant's intestate, and the case was tried before a jury upon issues joined on the pleas of *non-assumpsit* and *plene administravit.* A general verdict was rendered for the plaintiff for $508.50 damages, on the 1st of April, 1875, and on the same day judgment thereon was entered against the defendant for the damages assessed by the jury, with interest from date, and costs. On the

12th of the same month an execution was issued on this judgment, and on the 20th of May following, the motion from the overruling of which this appeal is taken, was made by the defendant.

It does not purport to be a motion in arrest of judgment, and could it be treated as such, was not filed within the time prescribed, nor in the mode required by the rule of Court, which is set out in the record. We cannot therefore consider the question whether the jury ought to have found a verdict on each issue instead of a general verdict; nor any other question which would properly arise under a motion of that character filed in due time and form.

As to any other questions sought to be presented in this Court under this motion, we are met by section 12, Art. 5 of the Code, (a Codification of the Act of 1825, ch. 117) which declares that "the Court of Appeals shall in no case decide any point or question which does not appear by the record to have been raised or made in and decided by the Court below." It has been held that the fact that no reasons were assigned in the Court below in support of a motion in *arrest of judgment,* constitutes no valid objection against an examination of the record by this Court; that such a motion serves in some measure the office of a demurrer, and brings up the whole record to the view of the Court, and therefore as regards the Act of 1825, is to be governed by the same principles as a demurrer, and in neither case is the presentation of the particular grounds of action in the Court below, a necessary preliminary to this Court's entertaining the appeal. *Charlotte Hall School vs. Greenwell,* 4 *G. & J.,* 416. But the record must show that such a motion was made in the Court below before this Court can go behind the judgment. *Sasscer vs. Walker,* 5 *G. & J.,* 110 ; *Morgan vs. Briscoe & Clark,* 4 *Md.,* 271. But we cannot extend this doctrine to a motion like the present to set aside a judgment and quash an execution. It must appear by the record that some

reasons were assigned or grounds stated to the Court below in support of such a motion, before this Court can review any action of the inferior Court thereon. In the present case no reasons whatever appear to have been assigned in support of the motion. All that the record shows is that the defendant's attorneys directed the clerk to "enter motion to quash the execution and set aside the judgment in this case." It does not appear upon what ground the Court acted or was asked to act. It was not suggested or stated that the judgment was obtained by fraud, surprise, accident or mistake, or that it was not entered or extended in due form, or was otherwiše irregular, or that the execution was not issued in due time and form, or was improperly levied. To allow any questions of this character to be now raised in this Court on this appeal, and to reverse the judgment therefor, might work the surprise, mischief and delay of justice to prevent which was the plain object and intention of the law referred to. We are clearly of opinion, the case comes within the prohibition of this section of the Code, and we cannot therefore consider any questions which have been presented in argument by the appellant's counsel, and which might have been subjects of review, had the record disclosed the fact that they had been "raised or made in and decided by the Court below."

*Judgment affirmed.*

(Decided 15th October, 1875.)