THE MAYOR AND CITY COUNCIL OF BALTIMORE
AND CONWAY W. SAMS, SOLOMON FREBERGER
AND OSCAR LESER, JUDGES OF THE APPEAL TAX COURT
*vs.* EDGAR V. AUSTIN ET AL.

*Appeal from Assessment of Property for Taxation—Record Insuffi-
cient to show Question of Law Decided Below.*

An appeal in matters relating to the assessment of property for taxation
from the action of the assessors to the Baltimore City Court is provided
for by Code Public Local Laws, Art. 4, sec. 170.  It is provided that
that Court shall have full power to decide the questions raised on such
appeal, and an appeal lies from its decision to this Court. Members·of the
Baltimore Stock Exchange were assessed for taxation on their member-
ship therein and appealed from the assessment to the City Court alleg-
ing that such membership is not property liable to taxation. That Court
passed orders vacating the assessment upon the ground that the ques-
tion involved had been decided by that Court in a previous case.
Upon appeal to this Court the record did not set forth the facts upon
which the judgments of the City Court were founded, nor did it contain
any evidence to show what are the incidents of membership in the
Stock Exchange.   *Held,* that since the record fails to show what ques-
tion of law was determined by the trial Court and discloses nothing as
to which error can be assigned the judgments appealed against must be
affirmed.

Eighty-two appeals in one record from the Baltimore City
Court (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., FOWLER;
BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Olin Bryan,* for the appellant.

*W. Burns Trundle,* for the appellees.

JONES, J., delivered the opinion of the Court.

There are eighty-two appeals in the record now before us.
In each and all the cases in which the appeals have been taken
the Court below passed the following order:

" The question involved in this case having been argued and

decided in the case of *Derick Fahnestock* v. *Mayor and City Council of Baltimore et al.*, in this Court, at this term, and no appeal from the final order therein passed having been taken within the time allowed by law ; it is on this eleventh day of November, 1901, adjudged and ordered by the Baltimore City Court, that the assessments made by the Appeal Tax Court, upon the membership of the petitioner and appellant, in the Baltimore Stock Exchange, to wit, $3,500 for the year 1901, and $10,000 for the year 1902, be and the same is hereby vacated and annulled, the defendants to pay the costs of these proceedings."

The cases were in that Court on appeal from the Appeal Tax Court of Baltimore City under sec. 170 of the Charter of the City of Baltimore (Act of 1898, ch. 123, repealing and re-enacting Art. 4, Code of Public Local Laws—Title, " City of Baltimore)," which provides that "any person or persons, or corporation assessed for real or personal property in the city of Baltimore and claiming to be aggrieved, because of any assessment made by the said Court, or because of its failure to reduce or abate any existing assessment, may by petition appeal to the Baltimore City Court to review the assessment. The Mayor and City Council of Baltimore may also appeal from any decision of said Court to the Baltimore City Court if it deem the public interests require that the decision of said Court should be reviewed. The petition in such appeal, other than the petition of the city, shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality, or is erroneous by reason of over valuation, or is unequal in that the assessment has been made by a higher proportion of valuation than other real or personal property on the same tax roll by the same officers, and that the petitioner is, or will be, injured by such illegality, unequal or erroneous assessment." Then, after prescribing what the petition of the Mayor and City Council of Baltimore " shall set forth " in case of the appeal being taken by the city, and certain regulations for securing to the parties in interest a full review of the decision or action of the Appeal Tax Court when appealed from, it is provided that the

" Baltimore City Court shall have full power to hear and fully examine the subject and decide on said appeals  *  *  and may cause all or any of such appeals to be consolidated, or may hear and decide them separately ; " and that " the person or the city appealing  *  *  shall have a trial before the Court without the intervention of a jury, and the Court sitting without a jury shall ascertain or decide on the proper assessment," &c. And finally it is provided that an appeal may be taken to this Court from the action or decision of the Baltimore City Court.

In the cases in the record the petitions which brought up the appeals to the Baltimore City Court each alleged that the petitioner had been assessed for taxation by the " Appeal Tax Court for the year 1901, the sum of $3,500, and for the year 1902, the sum of $10,000 for his membership in the Baltimore Stock Exchange, a voluntary, unincorporated association of stock brokers in Baltimore City ; " that he was " aggrieved by the decision " of the Appeal Tax Court " holding that his said membership or right to a seat in the Baltimore Stock Exchange is assessable for taxation," because " said membership is not assessable for taxation as real or personal property under the laws of this State, but is a privilege the right to which is taxed under the license fee which  *  *  petitioner pays as a stock broker ; and because " said privilege is greatly overvalued in said assessments." In twenty-six of the cases in the record in addition to the above allegations of grounds of appeal it was alleged that the petitioners were not residents of the city of Baltimore ; and in twelve of them it was alleged that the petitioners were, some of them, not members ; others not full members of the Stock Exchange. Upon each of these petitions an order such as has been recited was passed by the Baltimore City Court. These orders of that Court being adverse to the contention of the city of Baltimore in the cases in which they were passed the city has appealed. It appears from the record that the cases were not consolidated, but that a separate order was passed in each case ; and in each there is an appeal. They were argued together, however, and as they are all iden-

tical in the aspect in which they are before this Court they may be disposed of as if there was but one case.

It will be seen from the provisions of law under which these cases arose and from the petitions upon which they were brought into the Baltimore City Court that in dealing with them there was devolved upon that Court an inquiry into, and a decision upon, questions both of law and of fact. In the recent case of *Mayor & C. C. of Balto.* v. *Bonaparte,* 93 Md. 156, which was one arising under the same provision of the City Charter of Baltimore as the cases at bar are based upon, it was held by this Court that in cases brought here on appeal under that provision mere questions of fact were not reviewable on such appeal. Even, therefore, if such questions were presented by the record, which they are not, they would not be here subject to review. Before passing upon any question of law we must ascertain from the record what questions are presented for decision. Rule 4 of this Court provides that "in no case shall the Court of Appeals decide any point or question which does not plainly appear by the record to have been tried and decided by the Court below." The language of the rule is a reiteration of that of the provision to the like effect contained in section 9 of Article 5 of the Code. This rule has been applied in numerous cases in this Court. Among the more recent are those of *Leonard* v. *Woolford,* 91 Md. 626 and *Muir* v. *Beauchamp,* 91 Md. 650—cases of appeal from orders or judgments in election contests, and cases in which the law provides, as it does in this, that they are to be tried before the Court without the intervention of a jury. The questions of law in any case arise out of the facts ; and that the appellate Court may determine whether the law has been correctly applied to the facts there should be bills of exception or agreed statements setting forth the facts and pointing to the questions of law raised upon them. *Hallowell & Co.* v .*Miller,* 17 Md. 305; *Tinges* v. *Moale,* 25 Md. 480–6; *Trustees Methodist Church, &c.,* v. *Browne,* 39 Md. 160. Exceptions to this rule are cases presented on demurrers, motions in arrest of judgment, exceptions to awards and appeals from officers of

registration upon the ground that in such cases the record discloses with sufficient distinctness the questions of law to be determined without extrinsic aid. 2 *Poe Plead. and Prac.*, sec. 838; *Cockey, Admrs., v. Ensor*, 43 Md. 266; *Shaeffer, etc., v. Gilbert*, 73 Md. 66; *Muir v. Beauchamp*, 91 Md. 650.

The record now before us sets out in each case nothing further than the petition and appeal therein from the Appeal Tax Court which brought the case into the Baltimore City Court, the order of that Court which has already been recited and the order for an appeal from the action of that Court to this Court. It does not appear what evidence was before the Court below, nor upon what state of facts its judgment was based. The order of that Court set out in the record discloses nothing in this regard. It merely recites that "the question involved," &c., has been argued and decided in another case previously disposed of and then orders "that the assessments made by the Appeal Tax Court," &c., be "vacated and annulled." It is quite manifest that whether the judgment of the Court below so pronounced was correct depends upon facts which must have been in evidence before that Court. The petitions in the Court below alleged in each case that the petitioner had been assessed for taxation "for his membership in the Baltimore Stock Exchange, a voluntary unincorporated association of stock brokers in Baltimore City;" and it is claimed that such membership is not assessable as property real or personal under the laws of this State. The fundamental inquiry then devolved upon the Court in determining the question raised is what is this "membership" in its characteristics, qualities, incidents and in the rights it confers. Apart from what may appertain thereto membership in a voluntary, unincorporated association conveys no idea or conception of property of any description. What it was, in reality and in substance, that was assessed and sought to be made liable to be taxed could therefore only be ascertained and defined to the Court by evidence. In the absence of this evidence from the record here this Court, if it undertook to review the action of the Court below as respects the merits of the proposition of

law that Court had before it upon the appeals from the Appeal Tax Court, would be proceeding upon grounds altogether conjectural or hypothetical. In such a state of case this Court cannot review the action of the lower Court upon the merits of the cases here on appeal, (*Hallowell & Co.* v. *Miller,* 17 Md. 308;) nor is there any other question of law appearing from the record for this Court to decide.

There are cases in which, when Courts are proceeding in the exercise of a special jurisdiction conferred by statute and there is apparent upon the record an absence of a jurisdictional fact or requisite, as in attachment proceedings for instance, the defect in the proceedings may be taken advantage of, on appeal, for the first time, upon the ground that such proceedings thus show that they are *coram non judice* and void. *Coward, Garn* v. *Dillinger, &c.,* 56 Md. 59. The absence from the record in the cases at bar of certain formal proceedings authorized by the statute conferring the jurisdiction which the Court below was exercising in hearing and deciding them does not bring these cases within that principle. When the petitions which brought these cases into the Court below were filed therein that Court acquired jurisdiction to proceed under the statute with "full power to hear and fully examine the subject and decide" thereon. Other proceedings to be had were in furtherance of the exercise of that jurisdiction. Mere irregularities in the proceedings occurring after jurisdiction acquired would not vitiate action. They might be such as to be subject of appeal, but if the parties concerned were aggrieved by any such irregularities occurring and they desired to bring them up for review here they should have made them appear in the record in some appropriate way. 2 *Poe Plead & Prac.* sec. 838. In the cases at bar the record does not show whether other proceedings than those appearing therein were had or not had ; or whether what was done or not done was by consent or waiver, or acquiescence express or tacit on the part of the appellant ; or whether with full knowledge on the part of the appellant of any intended action of the Court below any objection was made thereto ; or any effort was made

to have relief from any action that may have been irregularly taken. The disclosures of the record ought to be such that this Court could see that the appellant has been aggrieved by some action of the Court below. ''In the absence of testimony to the contrary we must intend that the Court acted properly.'' *Hallowell & Co.* v. *Miller*, 17 Md. *supra*, (page 308 and cases there cited); *Parrish* v. *State*, 14 Md. 238. As the record discloses nothing as to which error can be assigned the judgments of the Court below will be affirmed. *Muir* v. *Beauchamp*, 91 Md. *supra* ; *Trustees* v. *Browne*, 39 Md. *supra*.

> *Judgments affirmed with costs to the appellees.*

(Decided April 1st, 1902.)