## DANIEL BLACK vs. THE STATE OF MARYLAND.

The act of burning a stack of hay is not a felony, either at common law nor by the acts of 1809, ch. 138, and 1845, ch. 181.

The indictment in this case charged, that the traverser *"feloniously,"* unlawfully, wilfully and maliciously," did burn a certain stack of hay, "against the form of the act of Assembly," &c. The jury rendered a verdict that he did *"feloniously,* unlawfully, wilfully and maliciously," burn said stack of hay; HELD, that as the offence charged is not a *felony,* no valid judgment could be pronounced on such an indictment and verdict.

The case of *Hess vs. The State of Ohio,* 5 *Ohio,* 13, overruled; and the case of *Commonwealth vs. Newell and others,* 7 *Mass.,* 245, which decides that an indictment for a *felony,* cannot be sustained as an indictment for a *misdemeanor,* approved and adopted.

A party convicted of an infamous crime is at common law disqualified thereby as a witness, and by the constitution of this State deprived of the elective franchise, and the traverser in this case, having been convicted of an infamous crime, to wit, a *felony;* when according to legal definition, the offence proved against him was not of that character, HELD, that according to the principles of the law of pleading in criminal cases, no valid judgment can be pronounced against him.

ERROR to the Circuit court for Carroll county.

The plaintiff in error was presented and indicted for burning a *stack of hay.* The indictment and verdict are sufficiently stated in the opinion of this court. The traverser moved in arrest of judgment. 1st. Because the indictment charges the act to have been done feloniously, and the act charged is not a felony. 2nd. The indictment contains no allegation of place where the property charged to have been burned was situate. 3rd. That the indictment is in other respects informal and insufficient. The court overruled the motion and sentenced the prisoner to the penitentiary for three years and one month, and to review this judgment, the present writ of error was sued out by the traverser.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Raymond* for the plaintiff in error.

The manner of the fact must be stated, as whether it be felo-

ny or trespass, &c.    *Dalton's Justice,* 648, *No.* 6 *citing Lamb,*
480.    *Brown Indict.,* 736.

If a misdemeanor be indicted as a felony, or *vice versa,* the
indictment is bad.    *Commonwealth vs. Macomber,* 3 *Mass.,*
254.    *Ib. vs. Newell, et al.,* 7 *do.,* 245.

An indictment for felony ought to say *felonice.    Com. Dig.
Indt., G. C., citing Strange,* 96, *a.*—I would remark here, that
if this position be true, the converse of it (which is our case) must
of necessity be true.    That the burning of a stack of hay is
not a felony, I need only refer to the acts of Assembly, 1809,
ch. 138, sec. 5, clause 2nd.    And 1845, ch. 381.    These en-
actments use no words that, even by inference, can constitute
the burning of a stack of hay, felony.    True, *arson* is felony,
at common law; but burning a hay stack was not arson: nor
does the acts of Assembly call or make it *arson* or *felony,* but
only say how it shall be punished.

That the *local* description of the article burnt, is insufficient,
see *Arch. Criminal Pleadings,* 20.

*Robert J. Brent* for the State.

This is a statutable offence; and it may be charged with sub-
stantial accuracy and certainty to a reasonable intendment.    *U.
States vs. Bachelder,* 2 *Gall R.,* 15.    *State vs. Hickman,*
3 *Halstead,* 299.    *State vs. Little,* 1 *Vermont,* 331.    6 *Ver-
mont,* 594.    If an indictment be in the language of the stat-
ute it is sufficient.    *State vs. Price,* 12 *Gill and Johnson,*
260.

By the act of 1809, ch. 138, sec. 5, the offence consists in
"*wilfully* burning any stack, rick, mow, or barrock of hay,"
and this indictment does succinctly charge the offence in the
very words of the statute, with the additional charge that the
prisoner did so "*feloniously, unlawfully and maliciously:*"
but these words are mere surplusage, and do not add to or di-
minish the grade of the offence in any respect, as will be shown
hereafter on authority.

The act of 1845, ch. 381, was, in respect to hay stacks,
wholly unnecessary, as the act of 1809 covered that case.    It
is however only cumulative, and the indictment may still be in

48      v.2

the words of the act of 1809: from which it only differs in using the term "*maliciously*," instead of "wilfully," and "*set on fire*," instead of "burn." But this indictment is good under both these statutes, as it has every substantial requirement of the statutes. So far as the act of 1845 is concerned, the indictment charges a *burning*, which includes a *setting on fire*, and it is therefore sufficient under that statute.

But it is said that if the offence be (as this is) but a misdemeanor, then the insertion of the word "*feloniously*," vitiates the indictment. But I deny this to be law, and claim on authorities *expressly to this point*, that it may be rejected as surplusage. *Hess vs. State*, 5 *Ohio*, 13. 1 *Chit. Crim. Law*, (*4th Am. ed.*,) 295. 2 *East. Pleas of the Crown*, 1028. 2 *Russell on Crimes*, 489. It is also said that *no place* is alleged where the hay stack stood; but it is enough to show that it was in Carroll county, and the property of its owner. Why describe the *locality of the stack* more particularly, when the offence is the same, no matter whether it be near any house or not? Even if a place had been laid in the county *it need not be proved*, as it is immaterial. 2 *Russell on Crimes*, 717. Of course, it results that, in charging the *burning of a hay stack* in Carroll county, it is no more necessary to say in *what part* of Carroll county, than in *charging a murder*.

LE GRAND, C. J., delivered the opinion of the court.

This case comes before us on a writ of error. It appears that the appellant was indicted in Carroll county, for burning a stack of hay. The only count in the indictment on which he was tried is in the following words:

"The jurors of the State of Maryland, for the body of Carroll county, do on their oaths present, that Daniel Black, late of Carroll county aforesaid, yeoman, not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil, on the twentieth day of December, in the year of our Lord, eighteen hundred and fifty-one, with force and arms at Carroll county aforesaid, a certain stack of hay of and belonging to one Aaron Miller, *feloniously*, un-

lawfully, wilfully and maliciously did burn, against the form of the act of Assembly," &c.

The jury found the party guilty of having *"feloniously,"* as well as unlawfully, wilfully and maliciously, burnt the stack of hay, and the question for the decision of this court is, whether on such an indictment and finding, a valid and legal judgment can be pronounced ?

Neither at the common law, nor by the act of 1809, ch. 138, nor by the act of 1845, ch. 381, is the act of burning a stack of hay a felony.

This is admitted on the part of the State; but, it is contended, that the introduction of the word *"feloniously,"* in the indictment and also in the verdict of the jury, is a matter of no importance, and ought, therefore, to be regarded as mere surplusage.

In support of this view several cases have been relied on. However great our respect may be for the learning of the court which pronounced the decision in the case of *Hess vs. The State of Ohio*, 5 *Ohio*, 13, we cannot adopt that decision, unsupported as it is by a single authority, and resting entirely as it does on the avowed desire of the court, to see that those who have offended shall be punished, to effect which they seem to have been disposed to observe neither the forms nor the requirements of the law.

In regard to the other cases cited on the part of the State, it need only to be observed, they were overruled in *Rex vs. Westbeer*, 2 *Strange*, 1133, in which it was said by the court, that in the cases relied upon by the State, "the judges appeared to be transported by zeal too far." The doctrine of the case in Strange, was fully recognized by the supreme court of Massachusetts, in *Commonwealth vs. Newell and others*, 7 *Mass.*, 245. In that case the prisoners had been indicted for *feloniously* and burglariously breaking and entering the dwelling house of Edward Dixon of Boston, with intent, unlawfully and feloniously to assault Dixon, and to cut off one of his ears, with an intention the said Dixon to maim and disfigure. To the indictment the prisoners demurred, and on their part it was contended that the crime charged in the indictment did not

amount to a felony; that to constitute the crime of burglary, there must be an intent to commit a felony. And the court held, that the cutting off an ear with set purpose and malice aforethought, with the intention to maim and disfigure, is not by the laws of Massachusetts a felony; and having so held, they decided, in opposition to the argument of the attorney general, that the indictment could not be sustained as an indictment for a *misdemeanor.*

In principle that case is precisely the one before us, and we adopt it, because it appears to us to be founded in sound reason and to be in strict concurrence with the English authorities.

By the common law, a person convicted of an infamous crime is disqualified thereby as a witness, and to this disqualification our constitution by the fifth section of its first article superadds another, the deprivation of the elective franchise. The prisoner has been convicted of an infamous crime, to wit, of a *felony,* when the offence proved against him according to legal definition was not of that character. We are therefore of the opinion, that according to the principles of the law of pleading in criminal cases, no valid judgment can be pronounced on such indictment and verdict as are those in this case, and therefore we reverse the judgment of the county court.

*Judgment reversed.*