At this term William E. Darrah was indicted and tried for bigamy, and the offense was proved, but it appeared that the indictment alleged that he did feloniously and unlawfully marry and take wife, c. The objection taken to his conviction was that the offense was merely a misdemeanor and not a felony under our statute, and therefore he could not be convicted on an indictment which alleged that it had been feloniously committed by him. *Page 113 
For the state it was contended that it was also alleged in the indictment that he did unlawfully marry c., and the term feloniously being entirely unnecessary and out of place in it, that allegation might, and should be, rejected as superfluous and surplusage merely.Whart. Amer. Cr. Law, sec. 622. Commonwealth v. Squire, 2Metc. 259.
There was no such thing as a common law felony known or recognized under the laws of this state, for all felonies in this state were expressly and specially made so in all cases by statute, and which expressly prescribed the penalty for them respectively. And all criminal offenses in this state were divided into two general classes respectively denominated felonies and misdemeanors, and it is provided by statute that such offenses as are not made felonies by it, and are indictable at common law, but are not specially provided for in it, shall be misdemeanors, and shall be punishable as such. The objection taken to the indictment was fatal, because by the statute the offense of bigamy was a misdemeanor, and not a felony, and if convicted on this indictment, the Court could not pronounce any judgment on the defendant, because he. was indicted for a felony in this case, and we have no law authorizing the Court to pronounce sentence on him for a felony in such a case. The case cited from 2 Metc. 259, turned on a recent statute in Massachusetts allowing a conviction of a misdemeanor on an indictment charging a felony; and so in this state we have a similar statutory provision allowing the same to be done in certain cases specifically provided for in it. In the case of Black v. The Stateof Maryland, 2 Md. Rep. 376, the Court of Errors in that state held in a case like this, that where a misdemeanor was alleged in the indictment to have been feloniously committed, and the accused was so convicted under it, no valid judgment could be entered on it.