# MEMORANDA

OF CASES DECIDED DURING THE PERIOD COMPRISED IN THIS VOL-
UME AND DESIGNATED BY THE COURT "NOT TO BE
REPORTED."

## HARRISON HOPPER *vs.* MARGARET BECK, Ex-ECUTRIX.

Appeal from the Court of Common Pleas.    *Affirmed.*

The appellant sued on five promissory notes executed by the defendant's testator in his lifetime. The defendant pleaded limitations and the general issue, and the jury returned a verdict for the defendant. Five exceptions were taken to the rulings of the trial Court upon the admissibility of evidence and a sixth to its action in granting and rejecting prayers. The appellee moved to dismiss the appeal. Upon this motion, *held:* Where by the agreement of the parties the time for signing the bills of exceptions in a case is postponed to a period later than three months after the rendition of the judgment, so that the record is not transmitted within three months after the time the appeal was taken, as required by Code, Art. 5, sec. 6, the appeal will not, on that account, be dismissed because such delay was caused by the appellee as well as by the appellant. ·

Upon the exceptions *held:* (1) A witness called to testify as to the state of an account between certain parties cannot be allowed to refresh his memory by the examination of a copy of the account, in which some of the entries were not made by him. (2) Where the question is as to how much is due by the defendant to the plaintiff, a witness cannot be asked what was the approximate state of the account between them, since such evidence would be a mere conjecture. (3) Where the action is against the executor of one party to a contract, the other party thereto is not a competent witness to testify as to conversations held with the

decedent and a third person, concerning the transaction. (4) The bar of the Statute of Limitations cannot be removed by showing merely a recognition by the defendant of some undefined indebtedness, unless the jury are allowed to determine whether the acknowledgment applied to the indebtedness sued on or not.   Opinion by McSHERRY, C. J.

*Fred. C. Cook* for the appellant.   *S. S. Field* for the appellee.

No. 20, January term, 1896.   Recorded in Liber J. S. F., No. 2, etc., folio 784 of "Opinions Unreported."

---

## ISAAC S. SANNER *vs.* THE STATE OF MARYLAND.

Appeal from the Court of Common Pleas.  *Reversed without a new trial.*

An action was brought by the State to recover from the defendant informers' fees in cases of fines imposed on persons convicted of keeping bawdy-houses between November 23, 1892, and November 23, 1893, the defendant having been at that time sheriff of Baltimore City, and his name having been endorsed on the indictments as informer. *Held*, that since under Code, Art. 38, sec. 2, the State had no interest in the fines so imposed this action could not be maintained.   Opinion by ROBERTS, J.

*Wm. Pinkney Whyte* and *Wm. S. Bryan, Jr.*, for the appellant.   *Robt. Ludlow Preston* for the appellee.

No. 18; April term, 1896.   Recorded in Liber J. S. F., No. 2, etc., folio 815, of " Opinions Unreported."

---

## WILLIAM HAMILTON *vs.* MARY DOHERTY *et al.*, ADMINISTRATORS OF S. E. ALCORN.

Appeal from the Circuit Court of Baltimore City.  *Affirmed.*

In August, 1885, Sarah E. Alcorn, then about eighty years of age, was taken by the appellant, who was her