RAYMOND P. PALMENBERG, WILLIAM F. PAL-
MENBERG AND EMIL T. PALMENBERG,
CO-PARTNERS, TRADING AS J. R. PAL-
MENBERG'S SONS *vs.*
SIMON TURK.

*Appeals from courts of law; methods of taking—.*

Appeals from Courts of law to the Court of Appeals can only be under formal exceptions, or by a petition addressed to the trial Court, plainly designating the points or questions of law by which the party appealing feels aggrieved.            p. 9

And no point not thus designated will be heard or determined by the Court of Appeals.                                    p. 9

An appeal, from an order striking out a judgment, was taken in the form "Mr. Clerk, enter an appeal in this case." The record showed the docket entries only, and did not show what evidence was before the Court, nor what points of law were decided. *Held*, that the appeal should be dismissed.       p. 10

*Decided June 22nd, 1911.*

Appeal from the Baltimore City Court (ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, URNER and STOCKBRIDGE, JJ.

R. *Howard Bland* (with whom were *J. Kemp Bartlett* and *L. B. Keene Claggett,* on the brief), for the appellants.

*James Mc Evoy, Jr.* (with whom was *William H. Hudgins* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The appellants, plaintiffs below, recovered a judgment against the defendant in November, 1893, and in October, 1905, caused a writ of *scire facias* to be issued upon it. After two returns of *nihil,* a judgment of *fiat* was entered in course in January, 1906. In December, 1909, a motion was filed to strike out the judgment of *fiat,* upon the grounds of surprise, lack of notice of the *scire facias* proceedings and the discharge of the defendant in April, 1900, under proceedings in the Bankrupt Court. This motion was granted and the judgment of *fiat* stricken out on December 12, 1910. Upon the following day this order was filed:

"Mr. Clerk; enter an appeal in this case."

A motion has been made to dismiss the appeal upon two grounds; that it was not taken in the mode required by the rules of this Court, and because the record fails to show what points or questions were decided by the Court below.

The record filed here consists only of the docket entries, the petition to strike out the judgment, the order of Court on the petition, and the order for appeal already quoted. The rules of this Court point out two methods by which appeals may be taken in cases at law; one by formal exception, the other by a "petition addressed to the Court in which the case was tried, plainly designating the points or questions of law by which" the party appealing feels aggrieved, and the rule further provides that "no point not thus designated shall be heard or determined" by this Court. Neither of the methods specified in the rules were adopted in this case.

The petition to strike out the judgment contained certain allegations of facts, and, therefore, the present appeal comes directly within the decision in *Baltimore City* v. *Austin,* 95

Md. 94, where it was said: "It is quite manifest that whether the judgment of the Court below was correct depends upon facts which must have been in evidence before that Court. * * * In the absence of this evidence from the record here, this Court, if it undertook to review the action of the Court below as respects the merits of the proposition of law that Court had before it, would be proceeding upon grounds altogether conjectural or hypothetical. In such a state of case this Court cannot review the action of the lower Court upon the merits of the case here on appeal, nor is there any other question of law appearing from the record for this Court to decide."

To the same effect are the cases of *Hallowell* v. *Miller,* 17 Md. 308, and *Cockey* v. *Ensor,* 43 Md. 266.

The motion to dismiss this appeal will, therefore, be granted, costs to be paid by the appellants.

*Appeal dismissed with costs.*