# BENJAMIN S. JONES *vs.* STATE OF MARYLAND,
## AT THE INSTANCE AND FOR THE USE OF
### ASSYRIA L. JONES.

*Court of Appeals: questions decided by—; rulings of Court below; presumption in favor of—. Judgments: setting aside; grounds for—; loss of prayer insufficient.*

The Court of Appeals cannot review the actions or rulings of the Court below upon the merits of the case, unless the record itself discloses the questions passed upon and decided below.                                    p. 71

A motion made to set aside a judgment after the term, can only be granted for fraud, deceit, surprise or mistake; and the proof in such a case must be clear and satisfactory, and it must appear that the party making the application acted in good faith and with all due diligence.          p. 71

In general, the mere loss or mislaying of a prayer is not suffi-
cient ground for striking out a judgment.        p. 72

In such cases it must be presumed that the Court below was
correct in its ruling on prayers.        p. 72

A judgment coming up on appeal is presumed to be correct and
cannot be reversed by the appellate Court unless convinced
that it is erroneous.        p. 72

*Decided March 27th, 1912.*

Appeal from the Circuit Court for Wicomico County
(Pattison, C. J. and Toadvin, J.). The facts are stated
in the Opinion of the Court.

Argued before Boyd, C. J., Briscoe, Pearce, Burke,
Thomas, Urner and Stockbridge, JJ.

*John H. Handy* (with a brief by *Melvin & Handy*), for
the appellant.

*T. Stanley Toadvin* (with whom was *George W. Bell* on
the brief), for the appellee.

Briscoe, J., delivered the opinion of the Court.

This appeal, is from an order of the Circuit Court, for
Wicomico County, overruling a motion to strike out a judg-
ment which had been rendered on the 4th of June, 1910, by
that Court, in favor of the plaintiff against the defendant,
Benjamin S. Jones, for the sum of $655.81, with interest
and costs.

The suit in which the judgment was entered, was insti-
tuted by the plaintiff, the appellee here, on the 2nd day of
May, 1902, to recover damages alleged to have been caused
by the issuing of an injunction at the instance of the appel-
lant and was brought upon the bond filed in the injunction
case. The suit, was brought in the Circuit Court for Wor-
cester County, but was removed to Wicomico county and the

judgment here sought to be stricken out, is the result of the third trial of the issues in the case, the jury on each trial finding a verdict in favor of the plaintiff.

The first judgment was reversed on appeal to this Court, and a new trial awarded, reported in *Jones* v. *Jones,* 101 Md. 512, for errors of the Court below, in its rulings on the prayers.

The second verdict of the jury for the plaintiff and damages assessed at $486.31 was rendered on the 5th of April, 1906, and was set aside by the Court below and a new trial granted on the 28th of September, 1908, because as stated by the appellee in her answer to the motion to strike out this judgment "owing to the long delay in preparing exceptions, the Court refused to sign them, not being able to recall the testimony as given at the trial."

Upon the third trial and the one we are now considering, the following proceedings were had, as set out by the docket entries in the case:

1910—April 14—Verdict of jury for plaintiff and damages assessed at $655.81.

1910—April 14—Motion and judgment on verdict *nisi.*

April 14—Plaintiff's first and second prayers granted filed.

April 14—Defendants' first, second, fourth, fifth and eleventh prayers granted filed.

April 14—Defendants' third, sixth, seventh, eighth, ninth and tenth prayers rejected filed.

April 14—Leave granted defendants 30 days to file exceptions.

April 15—Motion for new trial filed.

May 12—Order of Court granting the defendant extension of time to June 13, to file exceptions.

June 4—Motion for new trial overruled.

June 4—Judgment extended in favor of the plaintiff for the sum of $655.81, with interest and costs.

June 13—Order of Court extending time to July 13th, for defendant to file exceptions filed.

June 14—Order for an appeal and affidavit filed.

June 16—Appeal bond approved and filed.

July 12—Order extending time to August 13th, for defendant to file bills of exceptions filed.

July 27—Bill of exceptions filed with JUDGE PATTISON as per letter filed.

September 15—Petition and motion to strike out judgment filed.

1910—September 17—Answer filed.

1911—February 20—Argument, argued. *Sub Curia.*

July 3—Affidavit of John H. Handy filed.

September 16—Bill of exceptions filed by JUDGE PATTISON, with his declination to sign endorsed thereon.

September 16—Motion to strike out judgment overruled as per order filed.

September 27—Leave granted defendant to file exceptions by October 3, 1911.

September 30—Petition and order of Court extending time to October 17 to defendant to file bills of exceptions filed.

November 15—Order for an appeal and affidavit filed.

The motion to strike out the judgment and to re-instate the case, for trial, is based upon the single averment, set out in the appellant's petition, that the prayers of both plaintiff and defendant granted at the trial of the case, had been lost and that no complete record, of the rulings of the Court can be presented here for review, and no proper bills of exception can be prepared until the prayers are found.

While the plaintiff in her answer to the defendant's petition does not deny the allegations of the petition, she avers, that even, if the prayers are lost or misplaced, the plaintiff or her attorneys are not responsible, neither she nor they having had or seen same since the trial or connived at or induced the loss or misplacement of the prayers in any manner, and the loss or misplacement of the prayers, while perhaps a misfortune to the defendant, Benjamin S. Jones, is no fault of the plaintiff and no cause for striking out the judgment.

And it is further averred that the filing of the exception as to rulings of the Court upon admissibility of testimony, alone, was a waiver of any exceptions as to the prayers, even if they had been reserved at the trial, which do not appear from the record.

The case was heard upon the petition, answer and motion, on the 20th of February, 1911, and by an order of Court dated the 16th day of September, 1911, the motion to strike out the judgment was overruled. And from this order an appeal was entered on the 15th day of November, 1911.

The record now before us, only contains the petition to strike out the judgment, the plaintiff's answer thereto, the order of Court on the petition and the order for appeal. There are no bills of exceptions presenting the questions of fact, nor any petition designating the points or questions of law, by which the party appealing feels aggrieved or the questions of law decided by the Court below. In such a state of case, it has frequently been held, that this Court cannot review the action or rulings of the Court below, upon the merits of the case on appeal, unless the record itself discloses the questions passed upon and decided by the Court below. *Cockey* v. *Ensor,* 43 Md. 266; *Main* v. *Kinzer,* 91 Md. 760; *Baltimore City* v. *Austin,* 95 Md. 90; *Long* v. *Hawken,* 114 Md. 240; *Coulbourn* v. *Fleming,* 78 Md. 210; *Palmenburg* v. *Turk,* 116 Md. 8.

The judgment in the case was entered on the 4th day of June, 1910, and the motion to strike out, was not made until the 15th of September, 1910, long after the expiration of the term at which it had been rendered, and after the judgment had become enrolled.

It is well settled that when a motion is made to set aside a judgment after the term at which it was rendered, the proof of fraud, deceit, surprise or mistake must be clear and satisfactory, and it must appear that the party making the application has acted in good faith and with ordinary dili-

gence. *Abell* v. *Simon,* 49 Md. 318; *Smith* v. *Black,* 51 Md. 247; *Poe's Pleading and Practice,* Vol. II, sec. 392.

There is nothing in the case appearing from the record or docket entries that shows error in the ruling of the Court in overruling the motion to strike out this judgment. The verdict and judgment were entered in the regular manner and there is an absence of proof of any ground, the existence of which would warrant the vacation of the judgment.

The only ground relied upon by the appellant, to strike out the judgment is because the prayers were lost and no record could be made up for this Court. Assuming, this to be true, the mere fact alone of the loss of the prayers would be no sufficient ground or reason for striking out the judgment, on the facts before us. It appears however, from the bill of exception presented to JUDGE PATTISON on the 27th of July, 1910, nearly two months before the motion to strike out the judgment (15th of September) had been entered that the appellant did not rely upon the rulings of the Court upon the prayers to sustain his appeal, but solely upon the ruling of the Court, in the exclusion of certain testimony offered upon the part of the defendant. This bill of exception the Court declined to sign, because of its insufficiency in the statement of the evidence offered at the trial.

Subsequently the time for preparing bills of exceptions in the case were extended by the Court, until and including October 17th, 1911, and no steps were taken to have the prayers restored or supplied or incorporated in a bill of exception.

This Court cannot presume that the Court below committed an error in its rulings on the prayers, but on the contrary, in the absence of error disclosed, we must presume as in other cases, that the Court decided properly.

In *Hollowell* v. *Miller,* 17 Md. 305, it was said, a judgment below, coming up by appeal, is *prima facie* correct and cannot be reversed by the appellate Court, unless they are

convinced it is erroneous. *Alexander* v. *Macauley,* 6 Md.
375; *Burtles* v. *State,* 4 Md. 278.

In *Visher* v. *Webster,* 13 Cal. 60, it is distinctly held,
that the mere fact of the loss of instructions or prayers is
no ground for a reversal of the judgment appealed from.
*Zweibel* v. *Caldwell,* 72 Neb. 47; *State* v. *Jefferson,* 77
Mo. 139; *Birney* v. *Sharp,* 78 Mo. 73; *Addems* v. *Suver,*
89 Ill. 484; *Saxton* v. *Harrington,* 68 Neb. 450.

We find, in the record, no sufficient grounds for reversing
the order appealed from, and for the reasons given, it will
be affirmed.

*Order affirmed, with costs.*