## JAMES CLEARY *v.* STATE OF MARYLAND.
### [No. 5, April Term, 1928.]

*Decided May 2nd, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Lindsay C. Spencer* and *Max Sokol,* with whom was *Harry W. Nice* on the brief, for the appellant.

*J. Hubner Rice, Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General, Herbert R. O'Conor, State's Attorney for Baltimore City,* and *Herman M. Moser, Assistant State's Attorney for Baltimore City,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

In the case of *Duffy v. State,* 151 Md. 456, it was decided that, because the trial court instructed the jury as to the form of their verdict during the involuntary absence of the appellant from the court room, his motion to strike out the judgment on that ground should have been granted. The action thus held to have been erroneous occurred in the course of Duffy's trial, jointly with Cleary, the present appellant, on indictments charging them with robbery. Both were convicted and were separately sentenced to different terms of imprisonment. Each of them filed a motion for a new trial, which was overruled. Duffy then moved that the judgment against him be stricken out for the reason we have stated. No such motion was made by Cleary, although he also was absent from the court room, in the custody of officers, at the close of the trial, when the jury returned for a repetition of the instructions given by the court as to the form of the verdict. The judgment against Cleary was entered on January 29th, and that against Duffy on February 8th, 1926. The motion of the latter to strike out the judgment against him was then immediately filed, and from the adverse ruling on his motion he appealed. The case was heard in this court at the ensuing October Term. It was decided on November 12th, 1926, and the mandate in pursuance of the reversal and remand was received by the clerk of the trial court a month later. On August 10th, 1927, Cleary filed a motion to strike out the judgment against him on the same ground as that upon which Duffy had successfully relied. The motion was overruled, and the present appeal has been taken because of that motion.

It appears from a written stipulation, used at the hearing in the lower court on the pending motion, that when the

motions for a new trial filed by Duffy and Cleary were heard by the Supreme Bench of Baltimore City, it was stated by counsel for Cleary that the motion would not be pressed on his behalf because of the convincing evidence of his guilt. The stipulation also mentions the fact that one of the witnesses at the trial who identified Cleary as being one of the two persons who committed the robbery charged in the indictments had since died.

The question to be determined is whether a defendant in a criminal case can obtain a new trial upon such a ground as the one described, after acquiescing in his conviction for such a protracted period as we have indicated. The contention that such a right exists in this case notwithstanding the delay is based upon the theory that the judgment was a nullity, and the opinion delivered on Duffy's appeal is said to support that view. It was stated in the opinion that "the instruction of the jury as to the form of their verdict was a part of the trial, and in giving it during the involuntary absence of the prisoner, while he was in custody of the police, the court erred, and injury must be attributed to that error." In discussing the question presented, the opinion said that "at common law, in all criminal prosecutions for felonies, * * *, there could be no valid trial or judgment unless the accused were present at every stage of the trial." But the action of the trial court in repeating to the jury, during the prisoners' temporary absence, the various forms of verdict which had been mentioned to the jury in the prisoners' presence, was treated in our decision as an error requiring a reversal of the judgment involved in that appeal, and not as a circumstance affecting the court's jurisdiction and rendering the judgment wholly void. It was not intimated that the inadvertent omission of the trial court to direct, and of the attending counsel for the prisoners to request, that they be brought into the court room when the jury returned for the reiteration of the court's instructions as to the form of the verdict, was a ground of objection which could not be waived, and was so radical in its effect upon the validity of the trial as to make the judgment subject

to challenge at any subsequent period, however remote. The appellant was present when the verdict and judgment against him were rendered, and, after declining through his counsel to press his motion for a new trial, submitted without question for eighteen months to his conviction and sentence. There was ample opportunity to file a motion to strike out the separate judgment against him during the term within which it was under the discretionary control of the Criminal Court of Baltimore City. This limitation of time was duly observed by Duffy, but it was evidently of no concern to Cleary, because of his election not to avail himself of the objection upon which Duffy's motion was based. It is not suggested that the separate judgment against Cleary was affected by Duffy's appeal. But even after the decision on that appeal made it apparent that Cleary also might have taken advantage of the procedural error to which we have referred, he delayed for nine months longer the filing of the motion now under consideration. During that period the death of an important witness for the State occurred.

In *Miller v. State*, 135 Md. 379, it was said in the opinion that the appellants had not "complied with the rule as to proof of fraud, deceit, surprise or mistake in entering the judgment," which in that case was sought to be vacated on a motion filed after the term. It is not contended that there is any such reason to question the judgment with which this appeal is concerned. But cases are cited in which "irregularity" is mentioned as one of the grounds upon which a judgment may be challenged after the term has expired (*Hall v. Holmes*, 30 Md. 558; *Sarlouis v. Firemen's Ins. Co.*, 45 Md. 241), and it is argued that the error now complained of was more serious than an ordinary irregularity. The existence of a sufficient ground of attack upon a judgment after the expiration of the term does not relieve the defendant of the duty to act with reasonable diligence. *Jones v. State*, 118 Md. 67; *Foxwell v. Foxwell*, 122 Md. 272. In *Craig v. Wroth*, 47 Md. 283, it was said that a party making application to strike out a judgment after the term must "have acted in good faith and with ordinary diligence; re-

lief will not be granted when he has knowingly acquiesced in the judgment complained of, or has been guilty of laches and unreasonable delay in seeking his remedy." There should be some limit to the period during which the filing of a motion for the rescission of a formal judgment, rendered in the exercise of competent jurisdiction, may be delayed. In our opinion the limit in this case has been exceeded. The delay has not only been extraordinary, and without satisfactory explanation, but it has resulted in prejudice to the State through the loss of material evidence which contributed to the conviction, and could have been used at a retrial of the case if the motion to strike out the judgment had been filed within a reasonable time. It is unnecessary in the present decision to state a rule of general application. The case is decided upon its special facts, and they justify the conclusion of the lower court that the judgment should not now be disturbed.

*Judgment affirmed, with costs.*