EMANUEL LURAY *v.* STATE OF MARYLAND.

[No. 13, October Term, 1929.]

*Decided October 31st, 1929.*

The cause was argued before BOND, C. J., URNER, AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Louis Samuels,* with whom was *Sigmund Levin* on the brief, for the appellant.

*J. Hubner Rice, Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *Theodore F. Brown, State's Attorney for Carroll County,* on the brief, for the State.

OFFUTT, J., delivered the opinion of the Court.

Emanuel Luray was convicted in the Circuit Court for Carroll County of the crime of larceny, and on February 2nd, 1929, sentenced to eight years in the Maryland Penitentiary. This appeal is from that judgment and sentence.

It submits four exceptions. In the course of his direct examination, C. H. Ridgely, a witness offered by the State, testified that three men, strangers, travelling in a Ford coupé, had come to his house and inquired the way to the "place" of John Shiflett, a neighbor; that one of the men, he subsequently learned, was known as Dan Koontz, but that he did not know and could not identify either of the other two. After this testimony had been given without objection, the traverser moved to strike it out, but the court overruled the motion, and that ruling is the subject of the second exception. While it is impossible from the isolated excerpt from the evidence offered at the trial which the record contains to discover any possible connection between that testimony and any issue formed by the pleadings, neither in the record nor in the oral or written arguments of counsel does it appear that the appellant was injured by the ruling. The record, which

is fragmentary and incomplete, fails to show who Shiflett was, what if any connection he had with the traverser, or how the mere fact that Koontz, accompanied by two unidentified men, inquired the way to Mr. Shiflett's home, could have prejudiced Luray, and, since injury and error must concur to justify a reversal, and as injury will not be presumed in the absence of facts from which it may be inferred, we find no reversible error in that ruling.

The first, third and fourth exceptions are to remarks made by the state's attorney in the course of his opening statement and closing argument to the jury. In opening the case he said: "I expect to prove that Emanuel Luray is the greatest thief and receiver of stolen goods in this part of the United States." Counsel for the traverser promptly objected to that statement, and the court then said to the jury: "Mr. Brown, there is no reason in the world to do something in the start of a case that might cause a mistrial. Gentlemen of the jury, don't pay any attention to that last statement. The particular case we are trying is the case for which the party is indicted." Thereupon counsel for the traverser excepted to the "action of the state's attorney in making said statement," and that is called in the record "Exception No. 1."

In the course of his closing argument to the jury, the state's attorney referred to the traverser as "that confessed thief". Counsel for the traverser at once objected, and the court addressing the jury, said: "Gentlemen, the most that the court can say to you is, don't pay any attention to that last remark, 'that confessed thief'. It was an improper remark and should not have been made to you. Don't let that influence you in deciding this case." Again the traverser excepted to the "action of the state's attorney in making said statement," and that is the third exception presented by the appeal. Later, during the same argument, the state's attorney referred to the traverser as "this convicted dope-peddler". Counsel for the traverser again objected, and the court then said to the jury: "Gentlemen, there was no proof

that there was a conviction. The proof was that he was brought before the court. What happened after he was brought before the court was not proven." The traverser also excepted to the "action of the state's attorney in making that remark, which is the subject of the fourth and final bill of exceptions.

While the remarks involved in the first and fourth exceptions were improper and wholly inconsistent with the obligation incident to the official position of the prosecuting officer who made them, and may have been highly prejudicial to the accused, they cannot on this record be reviewed in this court. It appears from what has been stated that the exceptions were not taken to any ruling of the trial court, but to the "action" of the state's attorney. But if the accused was injured by the action of the state's attorney, it was incumbent upon him to complain of such injury to the trial court, and to ask of it such appropriate relief as would be adequate to protect his right to a fair and impartial trial, and, if such relief was refused, to accept to the action of the court in refusing it. In no other way could the propriety of the action of the trial court be presented to this court for review. For manifestly this court can not review the propriety of some act done in the course of a trial, upon which the trial court neither ruled nor was requested to rule, for that would be an exercise of original and not of appellate jurisdiction.

Although no specific action of any kind was suggested to the trial court by counsel, the learned and careful judge who presided at the trial promptly informed the jury that the remarks complained of were improper, and instructed its members to disregard them. If, in the judgment of the traverser, the remarks had so affected the jury as to prevent them from giving him a fair and impartial trial, he should have moved the court to discharge the jury and continue the case, as was done in *Neusbaum v. State,* 156 Md. 162. Or, if he felt that the instructions of the court were inadequate, he should have objected to them on that ground. *Newton v. State,* 147 Md. 92. But, instead of pursuing either of

those courses, after the court had warned the jury to disregard the remarks, the traverser was apparently satisfied, requested no further action, but allowed the trial to proceed without further objection. The only inference which that conduct allows is that he was convinced that the court had gone as far as it could to remove any prejudice which the remarks may have caused, and that he preferred to be tried by that particular jury rather than by some other jury. Having made his election then, he cannot now, after the case has been closed, the verdict returned and judgment entered, recall it, and for the first time urge an objection which should have been made at the time the act complained of took place.

As stated, the exceptions were noted to the "action" of the state's attorney, and for that reason presented no question for review in this court, although we have thought proper, in view of the character of this case, to rest our decision also upon the ground first stated. That form of exception may possibly have been induced by the language in *Meno v. State,* 117 Md. 440, in which the court says: "Whereupon the counsel for the accused took an exception (6th bill of exceptions) to the conduct of the state's attorney." But an examination of the record in that case will disclose that the "exception" referred to was an objection in the trial court to a remark made by the state's attorney, but the exception submitted to this court was taken to the ruling of the trial court in allowing the statement to stand.

What has been said with reference to the first and fourth exceptions would also apply to the third, if the remark involved in that exception could be called improper. But, while we can impute no possible impropriety to the comment of the trial court as to it, the remark itself cannot, strictly speaking, be characterized as improper, in view of the traverser's testimony that he had actually been convicted of larceny.

The appellee's motion to dismiss the appeal must be overruled. The judgment and sentence in the case were entered

on February 2nd, 1929. The record was filed in this court on May 7th, 1929. Section 6, article 5 of the Code, which, in *Brill v. State,* 144 Md. 68, was treated as applying to appeals in criminal cases, provides that on an appeal from any judgment or determination of a court of law to this court, the transcript of the record "shall be transmitted to the Court of Appeals within three months from the time of the appeal taken". But section 44 of the same article provides that "no appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect, omission or inability of the clerk or appellee; but such neglect, omission or inability shall not be presumed, but must be shown by the appellant". In connection with the appeal, the following certificate of the trial judge appears in the record: That "Emanuel Luray was convicted on November 19th, 1928. A motion for a new trial was overruled in his case on February 2nd, 1929, and sentence passed on that day. The time for signing the bill of exceptions was extended to the 20th of April, 1929. Several days prior to April 20th the exceptions, consisting of the entire record, was presented to the court. The state's attorney objected to the form of the exceptions, and the time for signing them was further extended to the 30th of April. Late in the afternoon of the 30th of April another bill of exceptions was offered to be presented at Ellicott City. The state's attorney, by phone from Westminster, again notified the court that he objected to the exceptions. Whereupon the time was again extended to May 3rd, 1929. On May 3rd, after a conference with the counsel for traverser, and the state's attorney, the exceptions were signed."

It appears from this statement that such delay as there was in the case was due as much to the conduct of the state's attorney as it was to any act, failure or omission on the part of the traverser or his counsel. The exceptions were presented to the trial judge on April 20th, but, as a result of

objections urged by the state's attorney, they were not signed until May the 3rd, and then only "after a conference with the counsel for the traverser and the state's attorney." And there is nothing to indicate to what if any extent the exceptions finally signed differed from the exceptions in the form in which they were first presented to the trial judge for his signature.

Under such circumstances the case falls within the rule announced in *Lockerman v. Eastern Shore Trust Company*, 146 Md. 343, that where "the failure to transmit the record on an appeal within the time prescribed appears to have been caused by the appellee as well as the appellant, the appeal will not be dismissed on account of the delay. *Forest Lake Cemetery v. Baker*, 113 Md. 529. See also *McGonigal v. Plummer*, 30 Md. 422; *Hopper v. Beck*, 83 Md. 647." *Mitchell v. Slye*, 137 Md. 136, etc.

Finding no error in any ruling of the trial court submitted by the record, the judgment appealed from will be affirmed.

*Judgment affirmed.*