HENRY WHITTINGTON *v.* STATE OF MARYLAND

[No. 73, October Term, 1937.]

*Decided January 12th, 1938.*

The cause was argued before BOND, C. J. URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

. *Louis Strauss,* for the appellant.

*Charle T. LeViness, 3rd, Assistant Attorney General,* with whom were *Herbert R. O'Conor, Attorney General, Roscoe C. Rowe, State's Attorney for Anne Arundel County,* and *Albert J. Goodman, Special Assistant State's Attorney,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

The appellant was tried in the lower court on an indictment which charged that during the month of March, 1937, in Anne Arundel County, he "did then and there feloniously steal, take and carry away" forty pounds of tobacco "of the value of ten dollars" of the goods and chattels of a designated owner. A demurrer to the indictment was filed, on the principal ground that the larceny was alleged to have been "feloniously" committed. The indictment was sustained as against the demurrer, and the defendant then elected to be tried before the court sitting as a jury. The trial resulted in his conviction and in a sentence that he be confined in the Maryland House of Correction for a period of nine months. From that judgment the defendant has appealed.

By chapter 78 of the Acts of Assembly passed at the Extra Session of 1933 the larceny of goods under the value of $25 is declared to be a misdemeanor. It has been twice decided by this court that an indictment which characterized as felonious the commission of a misdemeanor is invalid. In *Black v. State,* 2 Md. 376, the indictment alleged that the defendant "feloniously, unlaw-

fully, wilfully and maliciously" burned a certain stack of hay. After being found guilty by a jury, he moved for an arrest of judgment. One of the grounds of the motion was that the indictment charged as having been done feloniously an act which was not a felony. The motion having been overruled by the trial court, and the defendant sentenced to confinement in the Maryland Penitentiary, the case was brought to this court on writ of error. In the opinion by Chief Judge Le Grand it was said (page 379):

"The jury found the party guilty of having "feloniously," as well as unlawfully, wilfully and maliciously, burnt the stack of hay, and the question for decision of this court is, whether on such an indictment and finding, a valid and legal judgment can be pronounced?

"Neither at the common law, nor by the act of 1809, ch. 138, nor by the act of 1845, ch. 381, is the act of burning a stack of hay a felony.

"This is admitted on the part of the State; but, it is contended, that the introduction of the word 'feloniously,' in the indictment and also in the verdict of the jury, is a matter of no importance, and ought, therefore, to be regarded as mere surplusage.

"In support of this view several cases have been relied on. However great our respect may be for the learning of the court which pronounced the decision in the case of *Hess v. State*, 5 Ohio, we cannot adopt that decision, unsupported as it is by a single authority. * * *

"In regard to the other cases cited on the part of the State, it need only to be observed, they were overruled in *Rex. v. Westbeer*, 2 Strange, 1133, in which it was said by the court, that in the cases relied upon by the State, 'the judges appeared to be transported by zeal too far.' The doctrine of the case in Strange was fully recognized by the Supreme Court of Massachusetts, in *Commonwealth v. Newell*, 7 Mass. 245. In that case the prisoners had been indicted for feloniously and burglariously breaking and entering the dwelling house of Edward Dixon of Boston, with intent, unlawfully and feloniously to assault

Dixon, and to cut off one of his ears, with an intention the said Dixon to maim and disfigure. To the indictment the prisoners demurred, and on their part it was contended that the crime charged in the indictment did not amount to a felony; that to constitute the crime of burglary, there must be an intent to commit a felony. And the court held, that the cutting off an ear with set purpose and malice aforethought, with the intention to maim and disfigure, is not by the laws of Massachusetts a felony; and having so held, they decided, in opposition to the argument of the attorney general, that the indictment could not be sustained as an indictment for a misdemeanor.

"In principle that case is precisely the one before us, and we adopt it, because it appears to us to be founded in sound reason and to be in strict concurrence with the English authorities.

"By the common law, a person convicted of an infamous crime is disqualified thereby as a witness, and to this disqualification our constitution by the fifth section of its first article superadds another, the deprivation of the elective franchise. The prisoner has been convicted of an infamous crime, to wit, of a felony, when the offense proved against him according to legal definition was not of that character. We are therefore of the opinion, that according to the principles of the law of pleading in criminal cases, no valid judgment can be pronounced on such indictment and verdict as are those in this case, and therefore we reverse the judgment of the county court."

The principle of that decision was reaffirmed in *Barber v. State*, 50 Md. 161, 167, in an opinion delivered by Judge Alvey, in which it was said: "If the crime of bigamy be not a felony by our law, then it is clear the present indictment is fatally defective; for it is well settled in this State that it is not allowable to charge a misdemeanor to have been feloniously committed. *Black v. State*, 2 Md. 376." In that case it was held that the demurrer to the indictment was properly overruled because the crime of bigamy had been made a felony by statute.

In order to decide that the indictment in this case is

not demurrable, we should have to overrule the definite and reiterated approval by our predecessors of a principle which would require that the demurrer be sustained. There is, in our judgment, no adequate reason to disregard the force and effect of those decisions.

A number of evidence exceptions were reserved by the defendant at the trial. The bill of exceptions was presented to the lower court thirty-seven days after the entry of the appeal, but was not signed by the court because of its opinion that it had no authority to make such a certification at that time. The presentation of the bill of exceptions occurred within the period extended for that purpose by two orders of the trial court. In its opinion, however, the second extension was greater than it could effectively grant under Rule 25 of this court relating to criminal appeals. Section 3 of that rule provides: "Bills of exceptions shall be presented to and signed by the trial Court within twenty days from the date of the appeal or writ of error entered, provided that the trial Court, in its discretion, may extend the time for signing said bills of exceptions for an additional period of ten days by order signed within the original period of twenty days herein allowed."

This appeal was entered on July 20th, 1937, which was the date of the judgment. On August 6th counsel for the defendant applied for and obtained an order extending for ten days the time for filing the bill of exceptions. By its order of August 17th the court granted the defendant's request for an additional ten day extension. The court stenographer was absent on vacation from July 29th to August 16th. The testimony was not transcribed until she returned, as she was not previously aware of the appeal. On August 17th the record of the testimony was filed in the clerk's office, and was then for the first time available to the defendant's counsel. The bill of exceptions was submitted to the court on August 26th. While that date was within the period allowed by the second extension, it was beyond the thirty day period prescribed as the limit of the original and extended time within which bills of exceptions in criminal cases should

be presented for the court's signature. Assuming that, under the circumstances, the defendant may have been entitled to have the evidence questions considered on appeal, if the bill of exceptions had been signed by the trial court when presented, we are restricted in our consideration of the case by the fact that, while the transcript of testimony is in the record, there is no certification of the bill of exceptions upon which the rulings on evidence may be reviewed. *Fick v. Towers,* 152 Md. 335, 136 A. 648.

The only ruling reviewable upon the record is the one involving the disposition of the demurrer to the indictment. But the right to have the propriety of that ruling considered on this appeal is disputed, because the record was not transmitted to this court within thirty days from the date of the appeal. By section 2 of rule 25 it is provided: "Where there are no bills of exceptions a transcript of the record shall be transmitted to this Court within thirty days after the entry of the appeal or suing out of the writ of error." The record was received by the clerk of this court on September 14th, 1937. That date was within the period of three months which would have been allowable for the transmission of the record if a duly signed bill of exceptions had been included. *Lee v. State,* 163 Md. 56, 60, 161 A. 284; *Luray v. State,* 157 Md. 635, 640, 147 A. 599; *Brill v. State,* 144 Md. 68, 124 A. 414. Under the special conditions shown by this record, we would not be justified in dismissing the appeal because the transcript of the record was not forwarded to this court within the time limited by the rule, which applies in terms to cases in which "there are no bills of exceptions."

A further argument in support of the demurrer was that the indictment was not sufficiently definite as to the time of the alleged offense, but, as time was not of its essence, this objection is not valid in view of section 533 [553] of article 27 of the Code, and of the decision in *Allen v. State,* 128 Md. 265, 97 A. 362.

*Judgment reversed.*

BOND, C. J., dissents.