JOHN A. HAJEWSKI *v.* COUNTY COMMISSIONERS
OF BALTIMORE COUNTY.

[No. 57, October Term, 1944.]

162

*Decided December 20, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Marion A. Figinski* for the appellant.

*Michael Paul Smith* and *M. William Edelson* with whom was *Lester L. Barrett* on the brief, for the appellee.

BAILEY, J., delivered the opinion of the Court.

Proceedings were instituted in the Circuit Court for Baltimore County by the County Commissioners of Baltimore County, a corporation and body politic of the State of Maryland, appellee here, under the provisions of Sections 1 to 18, inclusive, Article 33A, Annotated Code of Maryland, 1939, for the condemnation of an easement of right of way 10 feet in width and 746 feet in length, through the land of John A. Hajewski, appellant here, in the Twelfth Election District of Baltimore County, for the purpose of laying a 15-inch sanitary sewer under the same.

The jury was sworn and, after the opening statements were made by the counsel for the respective parties, it viewed the property sought to be condemned. Thereafter testimony was taken before the Court and jury. The jury found for the petitioner in the matter of its right of condemnation of the right of way described in the petition and assessed the damages sustained by the defendant at "none." Two days thereafter the defendant filed two motions. The first was for a judgment n. o. v., or, in the alternative, for a new trial. The grounds alleged in the motion for a judgment n. o. v. were that the verdict or inquisition of the jury was contrary to law and the evidence in the case and that the said verdict, assessing no damages, was a taking of the defendant's land without just compensation and was in violation of the defendant's constitutional rights under Section 40, Article 3, of the Maryland Constitution, and under the Fifth Amendment to the Federal Constitution. It asked the Court to set aside the verdict or inquisition of the jury, assessing no damages for the taking of the land mentioned in the petition, and any judgment entered thereon and to "enter a judgment or inquisition for damages to be paid to the defendant in accordance with the law in the case." The second motion was a motion in arrest of judgment, alleging that the verdict was a nullity as it did not compensate the defendant for the land taken by the petitioner and as it violated

his constitutional rights in that it was the taking of his land for public use without payment of just compensation therefore.

The following order was subsequently passed by the Court:

"Upon the motion for a judgment n. o. v. filed by the defendant, John A. Hajewski, which said motion requests the Court to enter a judgment for damages in favor of the said John A. Hajewski in the above cause, and is not opposed or objected to by the County Commissioners of Baltimore County, and the Court having personally visited and viewed the land referred to in the proceedings, which is the subject of the taking, in the presence of and at the request of counsel for the respective parties, and the said cause having been fully argued and submitted, it is thereupon ordered this 20th day of July, 1944, by the Circuit Court for Baltimore County, that judgment be entered for the defendant, John A. Hajewski, for damages in the within proceedings in the amount of $100.00 for the land taken as named in the proceedings, and further that the judgment for the petitioner for the land condemned remain undisturbed.

"And it is further ordered that the motions of the defendant for a new trial and in arrest of judgment be and the same are hereby overruled and dismissed."

It is from the award of the Court and the judgment on the award that this appeal is taken.

The appellee has filed a motion to dismiss the appeal on the grounds that it is an appeal from a judgment entered in the appellant's favor and not against him, upon his motion for a judgment n. o. v.; that such an appeal is not authorized by the General Rules of Practice and Procedure; and that it also violates the general procedural principle which prohibits an appeal by a plaintiff from a judgment in his favor. The motion to dismiss also directs this Court's attention to the fact, which is apparent from an examination of the record, that no exceptions were taken or reserved by the de-

fendant, appellant here, to the admission of any evidence or to the trial court's oral instructions to the jury embodying the law of the case.

Judgments *non obstante veredicto* are discussed in *Poe's Pleading and Practice*, Vol. 1, Sec. 722. The cases there considered deal with situations in which judgment is entered for the plaintiff in spite of a verdict for the defendant, where the pleading is by way of confession and avoidance and the issue is joined on a traverse of an immaterial avoidance. Such cases are not in point here.

Trial Rule 8, of the General Rules of Practice and Procedure, Code, 1943 Supplement, p. 1219, introduces in this State a new practice with respect to judgments n. o. v. It is there provided that "whenever a motion for a directed verdict made by a party at the close of all the verdict and any judgment entered thereon set aside and reception of a verdict, such party may move to have the verdict and any judgment entered thereon set saide and to have judgment entered in accordance with his motion for a directed verdict, or (2) if the verdict was not returned, such party, within three days after the jury has been discharged, may move for a judgment in accordance with his motion for a directed verdict." But for the rule to be applicable the case must be one in which the party may be entitled to a directed verdict and the party must move for such a verdict at the close of all the evidence. Both of these conditions are absent in the present case. Under no circumstances would the defendant be entitled to a directed verdict on the question of the amount of damages to be awarded in a condemnation case. And there was no motion for a directed verdict in the instant case. It is, therefore, our conclusion that the trial court was without power to enter the judgment appealed from as a judgment n. o. v. The interpretation of Trial Rule 4, of the General Rules of Practice and Procedure, pertaining to directed verdicts, was fully discussed by this Court in *Alexander v. Tingle*, 181 Md. 464, 30 A. 2d 737.

However, it appears from the Court's order that the parties to the cause, through their respective counsel, submitted to the Court the question of assessing the damages sustained by the defendant, upon the evidence already taken before the Court and jury and upon the personal inspection by the Court of the land sought to be condemned. It is stated in the order that the Court's inspection of the land was "in the presence of and at the request of counsel for the respective parties." There is nothing in the record to contradict the recitals in the order. Having asked the Court to assess the damages, in spite of the jury's finding of no damages, the defendant now appeals from the Court's award of damages and its judgment entered thereon. But a careful examination of the record discloses that there is nothing for this Court to review. No exceptions were reserved by the defendant to any of the evidence or to the Court's oral charge to the jury. There being no exceptions, it follows that there was nothing to embody in a bill of exceptions. While the record contains a transcript or condensation of the testimony and also the Court's charge, neither the testimony nor the charge may be reviewed by this Court in the absence of bills of exception showing the trial court's action thereon and seasonable objection and exception by the defendant. *Whittington v. State*, 173 Md. 387, 196 A. 314; *Jones v. State*, 118 Md. 67, 83 A. 1100; *Palmenberg v. Turk*, 116 Md. 8, 81 A. 221.

We are not unmindful of the fact that the defendant filed in this case a motion in arrest of judgment upon the grounds already set out in this opinion. But he has not appealed from the order overruling it. The correctness of the Court's action thereon is consequently not before us. However, since the passage of Chapter 547, Acts of 1888, now codified as Section 11, of Article 75, Code of 1939, judgments may not be arrested for any defects prior to the verdict. And any defect in the verdict in the instant case has been waived by the action of the defendant in submitting the matter to the trial court for the assessment of damages. We cannot re-

view the record and substitute our judgment for the judgment of the trial court, particularly in view of the fact that its award was made not only upon the evidence but also upon its view of the land at the request of the defendant. And we could not say as a matter of law that such an award violates Section 40 of Article 3 of the Maryland Constitution which provides that no law shall be enacted which authorizes private property to be taken for public use without just compensation, or the rule of law as to just compensation laid down by this Court in *Realty Improvement Co. v. Consolidated Gas, Electric Light & Power Co.*, 156 Md. 581, 588, 144 A. 710. This Court has approved, in the case of *Davis v. Board of Education*, 168 Md. 74, 176 A. 878, an award of nominal damages only as meeting the requirements of the constitutional provision. The Fifth Amendment to the Federal Constitution has no application in this case.

It is unnecessary for us to pass upon the grounds urged by the appellee for the dismissal of this appeal. Finding that the record presents to us no reviewable question, the appeal must be dismissed.

> *Appeal dismissed, costs to be paid by the appellee.*